## Gressel et vir v. The Polish-American Association

*C. Salkind,* for plaintiffs.

*R. S. Croskey,* for defendant.

SMITH, P. J., November 4, 1953.—This matter comes before the court on plaintiffs' motion for a new trial. The action was in trespass. Wife plaintiff claims that she was caused to be injured as the result of an act of negligence on the part of defendant in spreading and allowing to remain a large quantity of wax on a dance floor on which she was dancing. The jury after a careful charge by the trial judge, Alessandroni, J., brought in a verdict for husband plaintiff for the full amount of his medical expenses in the sum of $376.50, but in the wife's case brought in a verdict for defendant.

The trial Judge in part of his charge clearly stated

the issue. He said, "Only in the event that you find the floor was so waxed by a servant or employe of the club as to create a dangerous condition, should you consider a verdict for plaintiffs." The jury by its one verdict clearly indicates that there was no negligence on the part of defendant or else a contributory negligence on the part of female plaintiff. Yet it at the same time reimbursed husband plaintiff for his medical expenses. These two verdicts do not come within the realms of logic or common sense and cannot hold. The whole matter was left to the jury. It was their problem and they have brought in an inconsistent verdict which cannot be reconciled by the court. A case somewhat similar is Ernst et al. v. Houser, 7 D. & C. 488, where a minor son was injured in an automobile accident. The jury brought in a verdict of $1 for father plaintiff, whose medical expenses were in the sum of $269.12, and for defendant in the action where the minor son was plaintiff. The court held:

"The uncontradicted evidence submitted to establish the damages of Albert Ernst in his own right shows his loss to have been $269.12. The jury's award of $1, based upon this testimony, however inadequate it may appear to be, nevertheless, convicts the defendant of negligence. For the pain and suffering endured by Jeremiah Ernst, properly proved, the jury awarded nothing. He was entitled to some damages.

"The verdict of the jury is inconsistent, and the damages awarded are inadequate. It was rendered in disregard of the evidence, and the law, and the charge of the court. A new trial is, therefore, granted. See Bradwell v. Railway Co., 139 Pa. 405, 413, 414; Hammaker v. Watts Township, 71 Pa. Superior Ct. 554, 558. Rule for a new trial is hereby made absolute."

We are of the opinion that the verdicts must be set aside and a new trial had.